UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANTHONY WHITE,

        Petitioner,

                                      CIVIL ACTION NO. 05-CV-73595-DT
v.                                      HONORABLE LAWRENCE P. ZATKOFF

BLAINE LAFLER,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND
BUT DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This matter is before the Court on Petitioner's motion for leave to amend his habeas corpus petition and his motion for appointment of counsel. Respondent has not yet filed an answer to the habeas petition, nor any response to the motions.

I.      Motion to Amend

Petitioner seeks to amend his habeas petition to include additional information regarding trial counsel's ineffectiveness in advising him to plead guilty and failing to request a competency hearing. Under the Federal Rules of Civil Procedure, a party may amend his or her pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).[1] Since a responsive pleading has not yet been filed in this case, Petitioner has the right to amend the petition without seeking permission from the Court. Accordingly, Petitioner's motion for leave to

---

[1] Rule 15(a) applies to habeas corpus actions as it applies to other civil cases. *See* 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

1

amend is **GRANTED.** The amended pleadings submitted with Petitioner's motion, shall be deemed filed and considered as part of the petition.

    II.    <u>Motion for Appointment of Counsel</u>

Petitioner also seeks the appointment of counsel to assist him in this habeas action. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted his pleadings in support of his claims. Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly, the Court **DENIES** Petitioner's motion for appointment of counsel. The Court will bear in mind Petitioner's request if, upon receipt of the State's answer and further review of the pleadings, the Court determines that appointment of counsel is necessary. Petitioner need not file an additional motion concerning this issue.

    **IT IS SO ORDERED**.

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: December 21, 2005

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2005.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290