UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANTHONY WHITE,

        Petitioner,

v.                                    CASE NO. 05-CV-73595-DT
                                      HONORABLE LAWRENCE P. ZATKOFF

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR DISMISSAL

**I.  Introduction**

Robert Anthony White ("Petitioner"), a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner pleaded guilty to armed robbery and felonious assault in the Oakland County Circuit Court on April 21, 2003.  He was sentenced to concurrent terms of 15 to 30 years imprisonment and 1½ to 4 years imprisonment on those convictions.  In his pleadings, Petitioner raises claims concerning the voluntariness of his plea and the effectiveness of defense counsel.  For the reasons stated below, the petition for writ of habeas corpus is denied.  Petitioner's motion for dismissal is also denied.

**II.  Facts and Procedural History**

The testimony at the preliminary examination established that two men wearing masks and holding butcher knives robbed a Subway restaurant in Southfield, Michigan on December 31, 2002.

Employee Nancy Kennedy testified that the men told her to open the cash register or they would stab her. Employee Ayana Swain testified that she witnessed the men threaten Kennedy and saw one of the men use a red and black bag to carry the stolen money.

The parties stipulated that the police saw Petitioner flee the area and drop a knife. Petitioner was found carrying $15.00 in coins in a red plaid bag and $129.00 in cash when arrested and he admitted participating in the robbery. The police recovered discarded clothing worn in the robbery and the discarded butcher knife.

Less then three hours after being taken into custody, Petitioner signed a form acknowledging his rights and wrote a three-page statement detailing his role in the robbery. Petitioner described how he and his accomplice waited outside the restaurant until the customers left, entered with knives, ordered the employee to open the cash register, took money from the register, and fled on foot. Petitioner also described his attire and said that he and his accomplice divided the money before being chased by the police, dropping the knife, and being captured. Petitioner said that he committed the robbery to help his sister pay her bills.

Petitioner also wrote a letter to the judge and prosecutor stating that this was his first violent case, indicating that he understood the charges, and requesting leniency.

On April 21, 2003, Petitioner pleaded guilty to armed robbery and felonious assault. In tendering his plea, Petitioner confirmed that he could read and write and that he understood the charges to which he was pleading guilty. The trial court also informed the Petitioner that the maximum sentence for armed robbery was life imprisonment and the minimum was a term of years and that the maximum sentence for felonious assault was four years imprisonment and the minimum was probation. The trial court then instructed Petitioner about the rights that he was giving up by

pleading guilty and Petitioner indicated that he was aware of the rights that he was foregoing by entering his plea. Petitioner confirmed that his plea was voluntary and that he had not been promised anything or threatened or coerced into pleading guilty. Petitioner then provided a factual basis for his plea. The trial court accepted the plea.

On May 6, 2003, the trial court sentenced Petitioner to 15 to 30 years imprisonment on the armed robbery conviction and to a concurrent term of 17 months to four years imprisonment on the felonious assault conviction. At that hearing, Petitioner requested leniency because he had taken responsibility for his crimes.

Nearly one year later, Petitioner filed a motion to withdraw his plea with the trial court asserting that his plea was not knowing, intelligent, and voluntary due to the ineffective assistance of defense counsel. Petitioner claimed that he saw a police car while walking home from a gas station and ran because he had outstanding warrants. He claimed that the police threatened and hit him, denied his request for counsel, and promised him that he would get probation if he confessed to the crime. Petitioner said that he told defense counsel about the police officers' actions, but counsel advised him to remain silent during the proceedings. Following a hearing on June 23, 2004, the trial court denied the motion, finding that Petitioner had not established entitlement to plea withdrawal and finding that his claim of innocence was "wholly unsubstantiated."

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals asserting that his guilty plea was involuntary due to the ineffective assistance of counsel. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. White*, No. 256606 (Mich. Ct. App. Oct. 18, 2004) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard

order.  *See People v. White*, 472 Mich. 939, 698 N.W.2d 398 (2005).

Petitioner thereafter filed his federal habeas petition and an amendment, asserting that his guilty plea was involuntary due to the ineffective assistance of counsel and that counsel failed to investigate and raise the issue of Petitioner's competency.  Respondent has filed an answer to the petition asserting that it should be denied on exhaustion grounds and/or for lack of merit.  Petitioner has filed a reply to that answer, as well as a motion for dismissal without prejudice so that he may exhaust the competency issues in the state courts.

### III.     Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA.  According to the Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was

4

>contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, this Court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.    Analysis**

A. Exhaustion

As an initial matter, Respondent alleges that the petition should be dismissed because Petitioner has failed to fairly present his competency/ineffective assistance of counsel claim to the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

This Court agrees with Respondent that Petitioner has not fairly presented his competency/ineffective assistance of counsel claim to the state courts. Petitioner has thus failed to fully exhaust his state court remedies as to that claim. Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702

F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). A federal district court also has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005).

In this case, the Court finds that the interests of justice would be best served by adjudicating Petitioner's habeas claims. Further attempts at exhaustion in the state courts are likely to be futile. Additionally, the unexhausted claim lacks merit and may be denied on the merits despite the lack of exhaustion.

  B. Involuntary Plea/Ineffective Assistance of Counsel

Petitioner first asserts that he is entitled to habeas relief because his plea was involuntary due to the ineffective assistance of counsel. In particular, Petitioner claims that defense counsel failed to investigate his alibi, failed to seek suppression of his confession, misadvised him as to sentencing, and told him to plead guilty even though he was innocent.

The trial court determined that Petitioner failed to establish that his guilty plea was involuntary in denying the motion to withdraw the plea, and the Michigan Court of Appeals denied leave to appeal on this issue for lack of merit. Having reviewed the record, this Court concludes that the state court decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law.

7

       1.      <u>Voluntary, Intelligent, and Knowing Nature of the Plea</u>

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary. Although Petitioner has only an 11th grade education and has been classified as learning disabled and emotionally impaired, there is no evidence in the record of any mental or psychological problems which would have impaired his ability to understand his criminal proceedings or the nature of his plea. At the time of his plea, Petitioner was 21 years old and had prior experience with the criminal justice system. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court informed Petitioner of the maximum and minimum sentences he faced. Petitioner indicated that he was pleading guilty of his own free will and had not been coerced or threatened. He also indicated that no promises had been made to induce him to plead guilty.

Petitioner's assertion that he was his plea was not knowing and voluntary is belied by the record. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

### 2. Effectiveness of Defense Counsel

Petitioner relatedly/jointly asserts that defense counsel was ineffective for failing to investigate his alibi, failing to seek suppression of his confession, misadvising him as to sentencing, and telling him to plead guilty even though he was innocent.

The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional

9

assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner first asserts that defense counsel was ineffective for failing to investigate his alibi defense and seek suppression of his confession. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569.

10

Accordingly, Petitioner's claim that defense counsel was ineffective in preparing for trial is foreclosed by his plea and Petitioner is not entitled to relief on such a basis.

Petitioner also asserts that defense counsel erred in advising him about possible sentences. Petitioner, however, has not shown that trial counsel misadvised him. His conclusory statements are not supported by the record. Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). Consequently, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the plea does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id.*; *see also Curry v. United States*, 39 Fed. Appx. 993, 994 (6th Cir. 2002); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669-70 (E.D. Mich. 2002). The record shows that the trial court informed Petitioner of the possible sentences. The court made no further promises to Petitioner when he rendered the plea. Habeas relief is thus not warranted on this claim.

Petitioner also alleges that defense counsel erred in advising him to plead guilty because he is innocent. Given the overwhelming evidence presented at the preliminary examination, however, Petitioner has failed to show that defense counsel erred or acted unreasonably in advising him to plead guilty and seek leniency from the court.

Moreover, Petitioner has not established that but for counsel's alleged errors, there is a reasonable probability that he would not have pleaded guilty and insisted on going to trial. *See Hill*, 474 U.S. at 58-59. Petitioner did not cite any improprieties in the plea process when he rendered his plea and gave no indication that the police used improper methods to obtain his

11

confession. Petitioner pleaded guilty with the hope of receiving leniency. Given the strong evidence of Petitioner's guilt as set forth in the preliminary examination record and police reports, it is unlikely that he would have chosen not to plead guilty and insisted on going to trial. The matters which he believes should have been further investigated by defense counsel do not cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on this claim.

Additionally, to the extent that Petitioner asserts that he is actually innocent of the offenses to which he pleaded guilty, he is not entitled to habeas relief. Claims of actual innocence based on newly discovered evidence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... [F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Davis v. Burt*, 100 Fed. Appx. 340, 349-50 (6th Cir. 2004). In *dicta* in *Herrera*, the Supreme Court noted that even if such a claim were cognizable, the threshold showing "would necessarily be extraordinarily high." *Herrera*, 506 U.S. at 417. Petitioner makes no such showing. He offers no new reliable evidence to support a claim of innocence. His conclusory allegations are contradicted by the record, including his own prior statements. Habeas relief is not warranted on this basis.

    C.    <u>Competency Claim</u>

Petitioner also asserts that he is entitled to habeas relief because defense counsel failed to investigate or raise his competency to stand trial or enter a plea before the trial court. It is well-established as a matter of federal constitutional law that a criminal defendant may not be tried unless he is competent. *See Godinez v. Moran*, 509 U.S. 389, 396 (1993). The standard for

competence to plead guilty or be sentenced is the same as the standard for competence to stand trial: whether the defendant has (1) sufficient present ability to consult with a lawyer and (2) a rational and factual understanding of the proceedings against him. *Id*. at 396-98. Due process is violated by a trial court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency. *See Pate v. Robinson*, 383 U.S. 375, 385-86 (1966). The question for a reviewing court in such a case is whether a reasonable judge, situated as was the trial court judge, should have experienced a "bona fide doubt" about the defendant's competency. *See Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004) (citing *Drope v. Missouri*, 420 U.S. 162, 173 (1975)); *see also Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000).

Having reviewed the record, this Court concludes that defense counsel did not err in failing to investigate or raise Petitioner's competency before the trial court. A reasonable defense attorney (or judge sitting in the trial court's place) would not have experienced a bona fide doubt as to Petitioner's competency at the time of his guilty plea or sentence. While Petitioner may have a limited education and some learning disabilities and emotional problems, the record is devoid of evidence that he was unable to consult with defense counsel or have a proper understanding of the criminal proceedings against him. To the contrary, the record indicates that Petitioner was 21 years old, could read and write, had an 11th grade education, and had prior contacts with the criminal justice system. At the time of his plea and sentence, Petitioner indicated that he understood the proceedings. He also stated that he was accepting responsibility for his actions and voluntarily pleading guilty in the hope of receiving leniency. Given these circumstances, Petitioner has not established that the defense counsel erred or that he was prejudiced by counsel's performance in this regard. Nor has he shown that the trial court violated his constitutional rights by failing to

13

conduct a competency hearing.  Furthermore, Petitioner has not presented sufficient facts to create a real and substantial doubt as to his competency so as to warrant an evidentiary hearing, *see Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (citing cases), or other relief from this Court.  Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.  Given this determination, the Court also **DENIES** Petitioner's motion for dismissal.

**SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  September 18, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 18, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290