UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANTHONY WHITE,

       Petitioner,

v.                                         CASE NO. 05-CV-73595-DT
                                         HONORABLE LAWRENCE P. ZATKOFF

BLAINE LAFLER,

       Respondent.
_____/

**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY AND
APPLICATION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner has filed a motion for a certificate of appealability and an application for leave to appeal *in forma pauperis* concerning this Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

As discussed in this Court's dismissal order, Petitioner's habeas claims clearly lack merit. Petitioner has not shown that his plea was involuntary under the standard set forth in *Brady v. United States*, 397 U.S. 742, 748-55 (1970). He has not presented evidence to contradict the statements contained in the plea transcripts nor offered corroborating evidence to support his assertion that he was misled or confused about his plea. The record reveals that the trial court informed Petitioner of the consequences of his plea. The fact that Petitioner hoped for more lenient treatment does not render his plea unknowing or involuntary. *Id*. at 757; *see also Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Additionally, Petitioner has not established that trial counsel was ineffective under the standards set forth in *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985), and *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The record does not support Petitioner's assertion that counsel misadvised him. Moreover, the trial court's plea colloquy cured any misunderstandings Petitioner may have had about his plea. *See Ramos*, 170 F.3d at 565. Petitioner is also not entitled to habeas relief on his claim of actual innocence. *See Herrera*

*v. Collins*, 506 U.S. 390, 400 (1993). Lastly, Petitioner has not shown that counsel was ineffective for failing to raise a competency issue. The record indicates that a reasonable defense attorney (or judge) would not have had a bona fide doubt as to Petitioner's competency at the time of his plea or sentence. *See Godinez v. Moran*, 509 U.S. 389, 396-98 (1993); *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966); *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004)

The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional rights as to his habeas claims. Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability. Given this determination, the Court also **DENIES** Petitioner's application for leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: October 19, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 19, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290